IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CLIFTON WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.    ) | Case No. 2:20-cv-889-MHT-CWB |
| ) | |
| **JAMES C. BYRD, M.D.,** ) | |
| ) | |
| **Defendant.** ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Clifton Williams, who is proceeding *pro se*, filed this action on November 1, 2020 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). Proceedings then were referred to the Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 4). On December 4, 2020, Plaintiff was granted *in forma pauperis* status, and the clerk was directed to defer service of process pending preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 5).

In conducting such review, however, the undersigned Magistrate Judge has observed that all of the conduct being complained of by Williams occurred in Tuscaloosa County, Alabama. (Doc. 1). All of the named defendants likewise are identified as residing in Tuscaloosa County, Alabama. (Docs. 1, 1-1, & 6). It thus logically follows that most or all of the records and witnesses relevant to the underlying claims are likely to be in Tuscaloosa County, Alabama as well. Because Tuscaloosa County, Alabama is located within the geographical boundaries of the United States District Court for the Northern District of Alabama (*see* 28 U.S.C. § 81(a)(5)), the undersigned Magistrate Judge cannot discern any factual basis that would render venue either proper or convenient in the Middle District of Alabama.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ."). Accordingly, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be transferred to the United States District Court for the Northern District of Alabama. *See Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) ("[T]he court may transfer a case *sua sponte* under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406.").

It is **ORDERED** that any objection to this Recommendation be filed no later than **December 16, 2022**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 2nd day of December 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**